ANSTEAD, Judge,
specially concurring:
Lest it appear that we have approved of a conviction for attempted possession of a firearm by someone who acted solely in self-defense I would like to point out that appellant’s counsel expressly advised the *764 trial court that there was no claim of self-defense and that no such argument would be made to the jury. In addition, the trial judge specifically charged the jury:
It is a defense to the crime of attempted possession of a firearm by a convicted felon that, under circumstances manifesting a complete and voluntary renunciation of his criminal purpose, the defendant abandoned his attempt to commit the possession of a firearm by a convicted felon or otherwise prevented the commission of that offense.
In reality the jury was presented with a clear choice between appellant’s position (he did not actually testify at trial) that his possession was unintentional and forced upon him by circumstances and the state’s position that appellant knowingly and intentionally possessed the firearm under circumstances totally contrary to appellant’s contention. I agree that the trial court’s instructions were adequate and no reversible error has been demonstrated.